In the Matter of the Claim of ROSIE LIBERTUCCI et al., Appellants, against NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

STATE INDUSTRIAL BOARD, Respondent.

(Argued October 3, 1929; decided November 19, 1929.)

*John J. McManus* for appellant. The decedent was not engaged in interstate commerce at the time of the accident, and this case is not controlled by the Federal Employers' Liability Act. (*Leslie* v. *Long Island R. R. Co.*, 222 App. Div. 702; 248 N. Y. 511; *Carey* v. *N. Y. C. R. R. Co.*, 250 N. Y. 345; *Grigsby* v. *Southern Ry. Co.*, 3 Fed. Rep. [2d] 988; 268 U. S. 704; *Illinois Cent. R. R. Co.* v. *Peery*, 242 U. S. 292; *Illinois Cent. R. R. Co.* v. *Behrens*, 233 U. S. 473; *Smith* v. *Interurban R. R. Co.*, 186 Ia. 1045; 253 U. S. 499; *Erie R. R. Co.* v. *Welsh*, 242 U. S. 303; *Chicago, B. & Q. R. R. Co.* v. *Harrington*, 241 U. S. 177; *Shanks* v. *D., L. & W. R. R. Co.*, 239 U. S. 556; *Chicago Junction Ry. Co.* v. *Industrial Board*, 277 Ill. 512; *Minneapolis & St. L. R. R. Co.* v. *Winters*, 242 U. S. 353; *Boals* v. *Pennsylvania R. R. Co.*, 193 App. Div. 347; *Matter of Fairchild* v. *Pennsylvania R. R. Co.*, 170 App. Div. 135; *Giovio* v. *New York Central R. R. Co.*, 176 App. Div. 230; 223 N. Y. 653; *Gallagher* v. *N. Y. Cent. R. R. Co.*, 180 App. Div. 88; 222 N. Y. 649; 248 U. S. 559; *Conklin* v. *N. Y. Cent. R. R. Co.*, 206 App. Div. 524; 238 N. Y. 570; *Central R. R. of N. J.* v. *Paslick*, 239 Fed. Rep. 713.)

*Robert E. Whalen* for respondent. The claim was properly dismissed. Decedent was employed in inter-

state commerce by the railroad. (*North Carolina R. R. Co.* v. *Zachary*, 232 U. S. 248; *Baltimore & Ohio R. R. Co.* v. *Kast*, 299 Fed. Rep. 419; 266 U. S. 613; *Pedersen* v. *D., L. & W. R. R. Co.*, 229 U. S. 146; *Erie R. R. Co.* v. *Collins*, 253 U. S. 77; *Scelfo* v. *B., R. & P. Ry. Co.*, 211 App. Div. 243; *N. Y. C. R. R. Co.* v. *Winfield*, 244 U. S. 147; *Southern Ry. Co.* v. *Puckett*, 244 U. S. 571; *N. Y. C. R. R. Co.* v. *Porter*, 249 U. S. 168; *Kinzel* v. *C., M. & St. P. Ry. Co.*, 250 U. S. 130; *Southern Pacific Co.* v. *Industrial Accident Comm.*, 251 U. S. 259; *Phila. & Reading Ry. Co.* v. *DiDonato*, 256 U. S. 327.)

CARDOZO, Ch. J.  Peter Libertucci was a watchman or helper in the service of the respondent, an interstate carrier. A piece of coal, falling on his ankle, broke the skin, and set up an infection which resulted in his death. A claim by dependents under the Workmen's Compensation Law (Cons. Laws, ch. 67) has been dismissed upon the ground that he was engaged in interstate commerce when the accident befell him.

Libertucci's duty was to watch an engine between trips and have it ready for use. The engine was assigned to trains 1008 and 1007. Train 1008 ran daily from Utica to Ravena, arriving at the latter place about 10 A. M. Train 1007 ran daily from Ravena to Utica, starting at 4 P. M. No other trains for passengers ran between those points. The helper, when injured, was shoveling coal into the engine to prepare it for its trip. The record does not show the exact hour of the accident. It occurred, however, in the yard before the time for coupling the engine to the train.

The trip between Ravena and Utica is wholly in New York. Even so, its quality as interstate commerce is not lost if packages carried by connecting lines from points without the State are received upon the local train as part of a continuous transit, and then forwarded beyond (*North Carolina R. R. Co.* v. *Zachary*, 232 U. S. 248, 260). The testimony is that on the return trip that afternoon a

parcel post package consigned from Millertown, Ohio, went out on 1007 to its point of destination. Other interstate packages there may have been, though there is a record of only one in the report of the conductor. The practice was to limit the report to one, picked out by the conductor to serve as an example, without reference to the number that could have been added to the list. In point of fact, there was never a trip on which interstate business was lacking altogether.

The claimants concede, as they must, that Libertucci's work in putting the engine in order for the trip that afternoon would have been a part of interstate commerce if at the time of the accident the interstate package was already in Ravena, ready to be put upon the train. They say, however, that for all that appears, the interstate package at that hour was on its way from Ohio, with the possibility that it might not arrive till the afternoon train had gone, or might be held back after arrival and go forward the next day. Possibilities such as these do not affect the inferences that follow from the normal course of business. The normal course of business was such that parcel post, on its way at the time of the accident from a point without the State, was due to arrive at Ravena before this engine could go out. The normal course of business meant besides that being parcel post, the package would be transferred to any waiting train available and dispatched without delay. The only train available that day or any other was train 1007, to which this engine was assigned. In such circumstances, the care of the engine was not "a matter of indifference" so far as interstate commerce was concerned (*Pedersen* v. *D., L. & W. R. R. Co.*, 229 U. S. 146, 151). It was preparation for that commerce in fulfillment of existing needs. The distinction is illusory between fitting an engine for the carriage of a package that is already in the yard, and fitting it to carry a package presently to arrive. In each case some unlooked for casualty, such as the

destruction of the package, may make the work abortive. The reasonable exigencies of commerce in the light of presently existing facts must fix the nature of the service, the field of its utility (*B. & O. R. R. Co.* v. *Darling,* 3 Fed. Rep. [2d] 987).

Nothing to the contrary was determined in *Carey* v. *N. Y. C. R. R. Co.* (250 N. Y. 345). There the engine was not assigned to any particular train when the engineer was injured. No one could say, even with full knowledge of the facts, whether the train to be hauled would be in interstate or in local commerce. Here the present facts, if known, would have disclosed the present need. It is unimportant whether the worker knew them when he made the engine ready. It is enough that they were present facts (*Carey* v. *N. Y. C. R. R. Co., supra,* at p. 352; *Cott* v. *Erie R. R. Co.,* 231 N. Y. 67, 71).

The order should be affirmed with costs.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.