In the Matter of the Claim of LEONARDO BOLOGNA, Appellant, against THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, Self-Insured Employer, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Claimant appeals. He was injured while working upon a chain that fastened and locked a door at the entrance to Pier 39, North River, New York City. The pier and door were instrumentalities directly connected with interstate commerce. Everything that came on the pier from the river was from New Jersey or some other foreign State or country. All vehicles from New York city which went through the door and on the pier were enroute to a foreign State or country. Decision affirmed, without costs. Hill, P. J., Crapser, Schenck and Foster, JJ., concur; Bliss, J., dissents.

In the Matter of the Claim of LESTER GREENE, Appellant, against EDWARD J. CALLAHAN & SON and GLENS FALLS INDEMNITY COMPANY, Respondents. STATE INDUSTRIAL BOARD. Respondent.— Appeal from the decision of State Industrial Board disallowing the claim on the ground that the condition from which claimant suffers is not causally related to the alleged accidental injury. There is a question of fact in this case which has been passed upon. There is evidence to support the conclusion of the State Industrial Board. Decision unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of CHESTER S. STORY, Respondent, against THE PENNSYLVANIA RAILROAD COMPANY, Employer and Self-Insurer, Appellant. STATE INDUSTRIAL BOARD, Respondent.— The employer, a self-insurer, has appealed from an award of the State Industrial Board in claimant's favor. The only question involved is one of interstate commerce. Claimant was employed by the Pennsylvania Railroad Company at its 33d Street station. On January 10, 1939, while he was carrying United States mail on an electric truck from the substation or depot located on the train platform to Long Island train No. 708 he was injured when the electric truck collided with a pillar on the train platform. The train in question ran from New York city to various points on Long Island. It carried mail which originated in and had been brought from other States. The proof establishes that claimant was engaged in interstate commerce. (*Matter of Libertucci* v. *New York Central R. R. Co.*, 252 N. Y. 182; *McCabe* v. *Boston Terminal Co.*, —— Mass. ——; 22 N. E. [2d] 33; revd. on other grounds, 309 U. S. 624.) Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that the claimant was engaged in interstate commerce at the time his injuries were sustained. Crapser, Acting P. J., Bliss, Heffernan, Schenck and Foster, JJ., concur.